IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SALEM RACHEL ZAHN** | § |
| | § |
| vs. | §   **CIVIL ACTION NO. 4:10-CV-864-Y** |
| | § |
| **F. SOLANO, Individually** | § |

**DEFENDANT F. SOLANO'S MOTION IN LIMINE**
**AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE OF SAID COURT:

F. SOLANO ("Solano"), defendant herein, pursuant to this Court's Final Scheduling Order--Civil Jury Trial (doc. no. 120) files this his Motion in Limine and Brief in Support Thereof, and would respectfully show unto the Court the following:

Defendant Solano moves that the plaintiff be instructed not to mention or bring before the jury, either directly or indirectly, upon voir dire examination, opening statement, interrogation of witnesses, introduction of any evidence, argument, objections before the jury, reading of any portion of the pleadings, or by any other means or in any other manner inform the jury, or bring to the jury's attention, any of the matters set forth in the numbered paragraphs below, unless and until such matters have been first called to the attention of the Court, out of the presence and/or hearing of the jury, and a favorable ruling obtained from the Court as to the admissibility and relevance of any such matters.

That further, the plaintiff be specifically instructed to inform and counsel with all witnesses called by the plaintiff, or parties in the courtroom at the request of the plaintiff, not to volunteer, inject, disclose, state or mention to the jury any of the below enumerated matters, unless specifically questioned thereon after prior ruling by the Court. That the violation of any and/or all of these

instructions would constitute harm to the defendants' cause, deprive the defendants of a fair and impartial trial, and the Court should instruct counsel for the plaintiff that the failure to abide by such order of the Court may constitute contempt, or grounds for a mistrial.

The following matter(s): (a) cannot adequately be raised before the jury by trial objection without prejudice to Defendant Solano; and (b) the prejudice of mentioning the matter(s) in the presence of the jury cannot be cured by an instruction from the Court.

I.

That Plaintiff not be allowed to introduce evidence of, or make reference to, damages incurred or allegedly incurred by Plaintiff be presented or mentioned. See ECF Docket Entry No. 122 herein (ruling, "Therefore, the Court GRANTS Officer Solano's motion to the extent that it seeks to exclude evidence of damages.").

GRANTED _____        DENIED _____

II.

That Plaintiff not be allowed to present any evidence at all in this case, because without evidence of damages, Plaintiff cannot meet the elements of his only claim herein, for excessive force. See, e.g., Taylor v. Dormire, 690 F.3d 898, 900 (8th Cir. 2012) ("[I]f the jury . . . found no damages, it could not find excessive force."); see also Fifth Circuit Pattern Jury Charges 10.2.

GRANTED _____        DENIED _____

III.

In the alternative to request II, in the event it is denied, that Plaintiff not be allowed to introduce evidence of, or make reference to, any suggestion that Defendant did not have a legal right to detain or arrest Plaintiff, including by reference to any criminal charges filed or not filed against

Plaintiff or the disposition or handling of any such charges. All of Plaintiff's potential claims herein, other than for excessive force, have already been dismissed. See ECF Docket Entry Nos. 69, 74. And a claim of excessive force is "separate and distinct from [an] unlawful arrest claim . . . " Freeman v. Gore, 483 F.3d 404, 417 (5th Cir. 2007) ("we must therefore analyze the excessive force claim without regard to whether the arrest itself was justified."). Any such information would be misleading to the jury and would be inherently and unfairly prejudicial while at the same time such information is irrelevant. Fed. R. Evid. 401, 410.

   GRANTED _____       DENIED _____

## IV.

In the alternative to request II, in the event it is denied, that Plaintiff not be allowed to introduce evidence of, or make reference to, any suggestion that Defendant committed any common law tort, including for assault or battery, as all such claims, other than for excessive force, have already been dismissed. See ECF Docket Entry Nos. 69, 74. Any such information would be misleading to the jury and would be inherently and unfairly prejudicial while at the same time such information is irrelevant. Fed. R. Evid. 401, 410.

   GRANTED _____       DENIED _____

## V.

In the alternative to request II, in the event it is denied, that Plaintiff not be allowed to introduce evidence of, or make reference to, any attorney's fees incurred by the plaintiff or her attorney's time, as the issue of attorney's fees is not to be determined by the jury but by the court and, therefore, such evidence is irrelevant to any issue before the jury. Any such information would be

misleading to the jury and would be inherently and unfairly prejudicial while at the same time such information is irrelevant.  Fed. R. Evid. 401, 410.

GRANTED _____          DENIED _____

## VI.

In the alternative to request II, in the event it is denied, that Plaintiff not be allowed to introduce evidence of, or make reference to, any other incidents, complaints, or lawsuits involving alleged police misconduct other than the allegations forming the basis of this lawsuit.  Any such information would be misleading to the jury and would be inherently and unfairly prejudicial while at the same time such information is irrelevant.  Fed. R. Evid. 401, 410.

GRANTED _____          DENIED _____

### Conclusion and Prayer

For these reasons, Defendant Solano asks that the Court enter an order prohibiting Plaintiff, her counsel, and any witness called by her or under her control from mentioning or referencing, either directly or indirectly, any of the foregoing matters.

Defendant Solano prays for all other relief to which the Court may find him entitled.

Respectfully submitted,

s/ Kenneth E. East
Kenneth E. East
State Bar No. 00790622
FOSTER & EAST
9001 Airport Freeway, Suite 675
North Richland Hills, Texas  76180
(817) 788-1111
Fax:  (817) 485-2836
ken1@airmail.net

ATTORNEY FOR DEFENDANT
F. SOLANO

## CERTIFICATE OF CONFERENCE

On February 2, 2015, the undersigned attempted by both email and telephone to confer with Chris Gale, counsel for plaintiff, regarding the foregoing. Mr. Gale could not be reached, and the motion, therefore, is presented as opposed.

                                                s/ Kenneth E. East
                                                Kenneth E. East

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2015, I electronically filed the foregoing document with the clerk of the court for the United States District Court for the Northern District of Texas using the court's electronic case filing system. The ECF system sent a "Notice of Electronic Filing" to the following attorneys of record, who have consented in writing to accept this Notice as service of this document by electronic means:

Christopher J. Gale
State Bar No. 00793766
GALE, WILSON & SANCHEZ, PLLC
115 E. Travis, 19th Floor
San Antonio, Texas 78205
Telephone: 210-222-8899
Telecopier: 210-222-9526
cjgale@gws-law.com

                                                s/ Kenneth E. East
                                                Kenneth E. East